UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HENSON,<br><br>                Plaintiff,<br><br>v.<br><br>DAIMLER TRUCK NORTH AMERICA LLC, an Oregon Corporation,<br><br>                Defendant. | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Robert Henson, residing in Salem County, State of New Jersey, by way of Complaint against Defendant says:

**PRELIMINARY STATEMENT**

This action is brought by Plaintiff to remedy violations of the New Jersey Conscientious Employee Protection Act ("CEPA") alleging unlawful reprisal, common law unlawful retaliation, and violations of public policy.

**IDENTIFICATION OF PARTIES**

1. Plaintiff Robert Henson ("Plaintiff") is and was, at all relevant times herein, a resident of the State of New Jersey and was employed by Defendant.

2. Defendant Daimler Truck North America LLC ("Defendant" or "Daimler") is and was, at all relevant times herein, an Oregon corporation with its primary place of business at 4555 N. Channel Ave, Portland, Oregon 97217, and was the employer of Plaintiff.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of the State of New Jersey and Defendant is a citizen of the State of Oregon,

thus satisfying diversity. Additionally, Plaintiff seeks an award of damages (including actual, compensatory, statutory and punitive, as provided by law) in an amount to be determined at trial, plus interest, in accordance with law, which exceeds the $75,000 threshold for federal jurisdiction.

4. Defendant is subject to personal jurisdiction in New Jersey because Defendant directs, markets, and provides its business activities throughout the State of New Jersey, and makes its trucking services available to residents of New Jersey. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred within this District, subjecting Defendant to jurisdiction here. Defendant has continuous and systematic contacts with this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

5. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

## GENERAL ALLEGATIONS

6. Plaintiff began his employment with Defendant on or around March 5, 2019.

7. Defendant employed Plaintiff as an order selector.

8. At all relevant times herein, Plaintiff performed up to or beyond the legitimate expectations of his employer.

9. Plaintiff received regular performance reviews expressing satisfaction with his job performance and had never been reprimanded for any prior misconduct during the performance of his duties with Defendant.

10. On November 16, 2021, Plaintiff was involved in a two-person accident while operating a company vehicle. The coworker involved in the accident admitted being primarily at fault, and no individuals were hurt.

11. On the day of the accident, Plaintiff was not under the influence of cannabis or any other illicit substance, nor was he under any suspicion of being under the influence by any manager or supervisor.

12. Nonetheless, pursuant to Defendant's safety policy, both parties involved in the accident were required to submit to a drug test.

13. Before taking his test, Plaintiff disclosed to his manager that he had indulged in cannabis two weeks prior to the date and expected that his tests results would thereby show a positive result. Plaintiff was informed by his manager that he must nonetheless participate in the test or face immediate termination.

14. As he had expected, Plaintiff tested positive for marijuana. No other substances were found in his system. Plaintiff was immediately suspended without pay.

15. On or about November 18, 2021, Plaintiff was informed that marijuana had been decriminalized in the State of New Jersey under the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMMA") in February of 2021.

16. CREAMMA provides that "[n]o employer shall refuse to hire or employ any person or shall discharge from employment or take any adverse action against any employee with respect to compensation, terms, conditions, or other privileges of employment because that person does or does not smoke, vape, aerosolize or otherwise use cannabis items, and an employee shall not be subject to any adverse action by an employer solely due to the presence of cannabinoid metabolites

in the employee's bodily fluid from engaging in conduct permitted under [this Act]." 2021 N.J. ALS 16, 2021 N.J. Laws 16, 2021 N.J. Ch. 16, 2020 N.J. A.N. 21.

17. Plaintiff contacted his manager regarding this information and was told that these details would be passed along to a Steve Hood, the Lead of Operations for Daimler.

18. On or about December 14, 2021, Plaintiff was contacted by Steve Hood regarding his suspension status. Mr. Hood informed Plaintiff that a decision had not yet been rendered as Defendant was still conducting its investigation.

19. On January 5, 2022, Plaintiff received a termination letter from his employer which stated that he had been terminated as of November 30, 2021.

20. Pursuant to his email on or about November 18, 2021, Defendant was, or should have been aware, that an adverse action against Plaintiff based on his off-duty recreational use of marijuana was a violation of the NJ CREAMMA.

21. Any stated reason for Plaintiff's termination is pretext.

22. A determinative and/or motivating factor in Plaintiff's termination was his CEPA whistleblowing activity in notifying his employer that termination for off-duty recreational marijuana use was a violation of CREAMMA and New Jersey public policy.

23. Because the actions of Defendant were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same and because those actions were egregious, punitive damages are warranted.

24. To the extent that there is any "mixed motive", Plaintiff need only show that a determinative and/or motivating factors in the adverse conduct directed towards him was his having engaged in CEPA whistleblowing activity.

25. As a result of Defendant's unlawful conduct, Plaintiff has suffered both economic and non-economic harms.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT, N.J.S.A. § 34:19, *et seq.***

26. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

27. Defendant is and was, at all relevant times herein, an employer as defined by N.J.S.A. § 34:19-2(a).

28. Plaintiff is and was, at all relevant times herein, an employee as defined by N.J.S.A. § 34:19-2(b).

29. CEPA prohibits an employer from taking "any retaliatory action against an employee" as a result of the employee "disclos[ing]… to a supervisor… an activity, policy or practice of the employer… that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law." N.J.S.A. § 34:19-3(a)(1).

30. The New Jersey CREAMMA prohibits an employer from taking any adverse action against an employee with respect to "compensation, terms, conditions, or other privileges of employment" solely due to the presence of cannabis in the employee's system. 2021 N.J. ALS 16, 2021 N.J. Laws 16, 2021 N.J. Ch. 16, 2020 N.J. A.N. 21.

31. Subsequent to his abrupt suspension upon testing positive for marijuana, Plaintiff brought the above policy to the attention of his supervisor(s), on the basis that his indefinite suspension was in violation of the NJ CREAMMA.

32. Plaintiff's whistleblowing activity as defined by CEPA was a determinative and/or motivating factor in Defendant's decision to terminate his employment on November 30, 2021. As such, Defendant's conduct violates CEPA's prohibition against retaliation and renders Defendant liable to Plaintiff.

33. As a result of Defendant's conduct, Plaintiff has suffered economic and non-economic harm, and requests that this Court grant judgment against Defendant for compensatory damages, punitive damages, interest, cost, attorneys' fees, and enhanced attorneys' fees.

## COUNT II

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

34. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

35. Under New Jersey law, an employer may not terminate an employee if such termination would constitute a violation of a clearly mandated public policy. *Pierce v. Ortho Pharmaceutical Corp.*, 417 A.2d 505 (N.J. 1980).

36. As stated above, the NJ CREAMMA establishes a clear mandated public policy that an employee may not be subject to adverse action solely as the result of his recreational use of cannabis or solely as the result of cannabinoid metabolites appearing in the employee's system.

37. Plaintiff's positive test result for cannabis was a determinative and/or motivating factor in his suspension and ultimate termination. Therefore, Defendant terminated Plaintiff in violation of public policy.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic harm.

## COUNT III

## REQUEST FOR EQUITABLE RELIEF.

39. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

40. Plaintiff requests that this Court grant the following equitable remedies and relief in this matter.

41. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein, namely CREAMMA, CEPA, and New Jersey common law.

42. Accordingly, Plaintiff requests that this Court grant injunctive relief and issue an order to Defendant to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the Plaintiff and as to all other individuals similarly situated.

43. To the extent that Plaintiff was separated from employment and to the extent that separation is contested herein, Plaintiff requests equitable relief in terms of equitable back pay and front pay.

44. In the event that equitable back pay and equitable front pay is ordered to Plaintiff, Plaintiff requests that all lost wages, benefits, fringe benefits and other renumeration is also equitably restored.

45.  Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancement to said attorneys' fees.

46.  Plaintiff requests that the Court order such other equity as is reasonable, appropriate and just.

47.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(i) An award of compensatory and statutory damages pursuant to N.J.S.A. § 34:19, *et seq*;

(ii) An award of actual and punitive damages;

(iii) An award of attorneys' fees and costs;

(iv) An award of pre-judgment interest and post judgment interest;

(v) A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

(vi) Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein;

(vii) An award of equitable back pay, equitable front pay, equitable reinstatement; and

(viii) Any other relief the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 31, 2022                             Respectfully Submitted,

        <u>*/s/ Ari H. Marcus*</u>
        Ari Marcus, Esq.
        New Jersey Bar No. 029662010
        Yitzchak Zelman, Esq.
        New Jersey Bar No. 015872012
        **MARCUS & ZELMAN, LLC**
        701 Cookman Avenue, Suite 300
        Asbury Park, New Jersey 07712
        Telephone: (732) 695-3282
        Facsimile: (732) 298-6256
        Ari@MarcusZelman.com
        yzelman@MarcusZelman.com

        ***Attorneys for Plaintiff***